UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:16-cv-00020-MOC

| | |
|---|---|
| **WARREN KEITH HARTSOG,** | ) |
| Plaintiff, | ) ) ) |
| Vs. | ) ) ORDER |
| **NANCY A. BERRYHILL, Acting Commissioner** of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court on plaintiff's Motion for Fees under the Equal Access to Justice Act. The Court enters the following Order, pursuant to its authority to award fees to a prevailing party, other than the United States, incurred by that party in a civil action against the United States under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), and in light of this Court's Order (#13) and Clerk's Judgment (#14) remanding this case to the Commissioner for further proceedings. The Court notes that the parties have conferred on this matter and agreed upon the fees. Having considered such motion, the Court enters the following Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Fees Under the Equal Access to Justice Act (#15) is **GRANTED**, and the Social Security Administration shall pay attorney's fees in the amount requested of $5,700.00, in full satisfaction of any and all attorney's fee claims plaintiff may have in this case under the EAJA. Plaintiff is further awarded $400.00 in costs payable by defendant from the Treasury Judgment Fund.

Pursuant to the United States Supreme Court's ruling in <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010), these attorney's fees are payable to plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt plaintiff may owe to the government. If, subsequent to the entry of the Court's EAJA Order, the Commissioner determines that Plaintiff owes no debt to the government that would subject this award of attorney fees to offset, the Commissioner may honor plaintiff's signed assignment of EAJA fees providing for payment of the subject fees to plaintiff's counsel, rather than to plaintiff. If, however, the Commissioner discovers that plaintiff owes the government any debt subject to offset, the Commissioner shall pay any attorney fees remaining after such offset to plaintiff, rather than to counsel.

Signed: October 26, 2017



Max O. Cogburn Jr.
United States District Judge